Vijay Kumar SINGH, Plaintiff–
Appellant,

v.

AIR INDIA LTD., Defendant–Appellee.

No. 03–9015.

United States Court of Appeals,
Second Circuit.

Aug. 10, 2004.

Noreen M. Giusti (Krishna M. Vempaty on the brief), Forest Hills, NY, for Appellant.

Edward A. Brill (Marc A. Mandelman, Susan D. Friedfel on the brief), Proskauer Rose, L.L.P., New York, NY, for Appellee.

Present: POOLER, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff appeals from a judgment granting the defendant's motion for summary judgment and denying his motion to amend his complaint. We assume the parties' familiarity with the underlying facts,

procedural history, and specification of appellate issues and hold as follows.

■ Even assuming plaintiff set out a prima facie case of discrimination and demonstrated that defendant's explanation was pretextual, the district court did not err in granting defendant's motion for summary judgment. Evidence sufficient to constitute a prima facie case coupled with plaintiff's ability to show the pretextual nature of the employer's non-discriminatory explanation will sometimes, but not always, suffice to create an issue of fact for the factfinder. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Plaintiff must ultimately show that "the record as a whole, including whatever reasonable inference the jury could draw from the proffer of a false reason for the discharge, permitted the required ultimate finding of discrimination." *Zimmermann v. Associates First Capital Corp.*, 251 F.3d 376, 381 (2d Cir.2001).

■ We find that plaintiff does not meet this burden because he failed to produce evidence that he was terminated for anything other than purely non-discriminatory, economic reasons. Singh attempted to show that Air–India's varying reasons for his termination diminished its credibility and established a question of pretext. In fact, the company's outsourcing, financial, and salary-level explanations were related. That different Air–India managers provided different but consistent economic explanations for Singh's termination does not demonstrate that the company's explanation was pretextual. *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 170 (2d Cir.2001). But even if these differences in explanations did demonstrate pretext, plaintiff must still present evidence that would permit a rational jury to conclude that this was a pretext for age discrimination. *Id.* Plaintiff did not present such evidence.

In addition, the district court did not abuse its discretion in denying plaintiff's motion to amend his complaint to add a cause of action under Indian law because the proposed amendment was without merit. The Air–India Service Regulations did not apply to plaintiff as an employee who was not on Indian scales of pay.

We therefore affirm the judgment of the district court.